IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-13-0039 |
| | § | |
| JORGE MONTEMAYOR and | § | |
| LETICIA REYNA, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER TO TRANSFER**

Pending before the court is Defendant Jorge Montemayor's Motion for Trial in the Laredo Division of the Court (Docket Entry No. 45). Defendant Montemayor argues that this case should be transferred to the Laredo Division of the Southern District of Texas because conducting a trial in the Houston Division will deny him his constitutional right to a fair trial. The defendant requests a hearing to provide additional proof that he will be deprived of his ability to call witnesses on his behalf if the trial is not transferred.[1] The Government asks the court to deny Montemayor's motion to transfer.[2] For the reasons explained below, the pending motion to transfer will be granted, the request for a hearing will be denied, and this action will be transferred to the Laredo Division.

---

[1]Defendant Jorge Montemayor's Motion for Trial in the Laredo Division, Docket Entry No. 45, p. 11.

[2]Response to Defendant Jorge Montemayor's Motion for Intra-District Transfer of Venue, Docket Entry No. 49, p. 1.

## I. Introduction

On January 24, 2013, the defendants in this action, Jorge Montemayor and Leticia Reyna, were charged in a 14-count Indictment (Docket Entry No. 1) -- either jointly or individually -- with failure to pay over to the IRS federal tax withholdings and FICA taxes allegedly withheld from employees' wages in violation of 26 U.S.C. § 7202. Both defendants were also charged with aiding and abetting the failure to pay over federal employment tax in violation of 18 U.S.C. § 2. The indictment alleges that Montemayor served as owner/operator of at least two home health care businesses in Laredo, Texas: Professional Skilled Services, Inc. and GDM Home Health, Inc., and that Reyna was both a registered nurse and an owner/operator of Professional Skilled Services, Inc. (Indictment ¶¶ 1-2) The offenses charged in the Indictment arise from allegations that

> [d]uring the time period from about 2006 through at least 2011, the defendants . . . caused Professional Skilled Services, Inc. to divert corporate funds to cover non-business expenses, including trips, entertainment, and the purchase of real estate, while, at the same time failing to pay over to the IRS payroll taxes withheld from Professional Skilled Services Inc.'s employees.

(Indictment ¶ 3) The offenses charged against Montemayor also arise from allegations that he

> exercised signatory authority on the business checking accounts of GDM Home Health, Inc., and, as a person with control over GDM Home Health Inc.'s financial affairs, was responsible for collecting, accounting for, and paying over the employment taxes for GDM Home Health, Inc. During the time period from about 2006 through at least 2011, the defendant [Montemayor] caused GDM Home

>Health, Inc. to divert corporate funds to cover non-business expenses, including trips and entertainment, while, at the same time failing to pay over to the IRS payroll taxes withheld from GDM Home Health, Inc. employees.

(Indictment ¶ 4) The defendants' trial is set to begin on September 16, 2013.

## II. <u>Transfer to Another Division</u>

Asserting that he and his codefendant both reside in Laredo, Texas, and that all witnesses reside in Laredo, and that defense counsel practices in Laredo, and that not a single relevant event in this case occurred outside Laredo,[3] Montemayor argues that this case should be transferred to Laredo because "a trial so far from the homes of the defendant and necessary witnesses will deny the defendant his constitutional right to a fair trial."[4]

### A. Applicable Law

#### 1. <u>United States Constitution</u>

Article III § 2 cl. 3 of the United States Constitution provides that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Constitution, Amend. VI. Although a

---

[3]Defendant Jorge Montemayor's Motion for Trial in the Laredo Division, Docket Entry No. 45, p. 1.

[4]<u>Id.</u> at 2.

defendant does not have a constitutional right to be tried in a particular division within a district, the Fifth Circuit has "interpreted the Sixth Amendment to mean that 'it is the public policy of this Country that one must not arbitrarily be sent, without his consent, into a strange locality to defend himself against the powerful prosecutorial resources of the Government.'" United States v. Lipscomb, 299 F.3d 303, 339 (5th Cir. 2002) (quoting Dupoint States v. United States, 388 F.2d 39, 44 (5th Cir. 1967)). See also Platt v. Minnesota Mining & Manufacturing Co., 84 S. Ct. 769, 772 (1964) ("The Constitution makes it clear that determination of proper venue in a criminal case requires determination of where the crime was committed. . . . The provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place.").

2. Federal Rule of Criminal Procedure 18

Intradistrict transfers such as that sought by Montemayor are governed by Federal Rule of Criminal Procedure 18, which provides:

> [u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Convenience is determined by: (1) the distance from the defendant's home; (2) the location of the defendant's witnesses; and (3) the ability of the defendant's family and friends to attend the

trial. United States v. Garza, 593 F.3d 385, 390 (5th Cir. 2010). "Rule 18's 'second textual factor—due regard to . . . the prompt administration of justice'—is in part a literal command that trials comply with the Speedy Trial Act." Id. (quoting Lipscomb, 299 F.3d at 341). The Fifth Circuit has explained that this factor requires courts to "weigh the impact the trial location will have on the timely disposition of the instant case." Id. at 390 (quoting In re Chesson, 897 F.2d 156, 159 (5th Cir. 1990) (per curiam)). Whether to transfer a criminal trial to another division within the district is within the sound discretion of the court and must be determined on the facts of each particular case. See Garza, 593 F.3d at 388. See also United States v. Parr, 17 F.R.D. 512, 517 (S.D. Tex. 1955).

**B.  Analysis**

Montemayor argues that the convenience factors all weigh in favor of transfer to Laredo. In support of this argument Montemayor asserts that (1) he and his codefendant both reside in Laredo, which is a long distance from Houston; (2) virtually all of the witnesses are from Laredo or cities within a relatively short driving distance of Laredo; (3) all events pertinent to this case occurred in Laredo, and none of the acts at issue occurred in Houston; (4) all relevant documents and records are situated in Laredo; (5) Montemayor is employed in Laredo; (6) trial in Houston will increase the expense of trial incurred by both the defendant and the Government alike because most of the Government agents and

the lead prosecutors reside and work in Laredo; (7) Montemayor's attorneys reside in Laredo and although the lead attorney for his codefendant resides in San Antonio, that attorney does not object to the case being tried in Laredo; and (8) Houston is a minimum six hours' driving distance from Laredo.[5]  Montemayor has also submitted an affidavit in which he states that

> 3. I do not have the financial ability [] to pay any expenses for the witnesses to travel to Houston nor to sustain these witnesses during the extended trial.
>
> 4. The witnesses cannot remove themselves from Laredo for an extended time as they each must remain to work and support their families.  It would cause an extreme hardship on such witnesses to leave their families and work.
>
> 5. My wife and children live in Laredo, Texas and cannot attend a trial in Houston, Texas.
>
> 6. Without these witnesses I will not have the ability to adequately defend myself against the Government's accusations.[6]

As to the "prompt administration of justice," Montemayor asserts that "speedy trial should not be a factor in the Court's determination of place of trial, and to the extent that the Court is concerned with such issue[,] Defendant JORGE MONTEMAYOR is willing to waive his right to speedy trial."[7]

---

[5]Id. at 8-9.

[6]Affidavit of Jorge Montemayor attached to Docket Entry No. 45, ¶¶ 3(second)-6.

[7]Defendant Jorge Montemayor's Motion for Trial in the Laredo Division, Docket Entry No. 45, p. 4.

The Government "agrees that Houston is a long distance from the defendant's home in Laredo, Texas — approximately 350 miles,"[8] "that the defendant's two businesses named in the indictment were based in Laredo, Texas,"[9] and "that Montemayor's immediate family lives in Laredo, Texas."[10] The Government also acknowledges that Montemayor has named "four witnesses who live in Laredo . . . who will testify in his defense,"[11] that "[t]he IRS Agent is from Corpus Christi[, and that] the other witnesses are from Laredo."[12] Nevertheless, the Government objects to Montemayor's motion to transfer because Montemayor has not provided specific statements regarding either his inability to pay for the witnesses' attendance at trial or the witnesses' inability to attend trial in Houston. Moreover, asserting that it "anticipates that its case-in-chief will take less than a week,"[13] the Government "does not believe that this will be an extended trial that would unduly burden defense witnesses or defense counsel."[14] In short, the Government argues that Montemayor has failed to prove that he will be prejudiced if

---

[8]Response to Defendant Jorge Montemayor's Motion for Intra-District Transfer of Venue, Docket Entry No. 49, p. 4.

[9]Id.

[10]Id. at 5.

[11]Id.

[12]Id. at 6.

[13]Id.

[14]Id.

trial is held in Houston. As to the "prompt administration of justice," the Government argues that

> [t]his Court has handled this case for almost six months and has become familiar with various issues raised. The Court has set the case for trial on September 16, 2013. The defendant is just now filing a motion for transfer of venue to Laredo. As to the state of the Court's docket in Houston and Laredo, the United States defers to the Court as the Court is best situated to undertake this analysis.[15]

In light of the Government's failure to show that this case has any ties to Houston and the Government's failure to dispute the facts on which Montemayor bases his argument that all of the relevant factors weigh in favor of holding trial in Laredo, the court concludes that the convenience factors all support granting Montemayor's motion. As to the prompt administration of justice, Montemayor has agreed to waive his speedy trial rights; and because the court has made only a few rulings in this case, the court is not particularly familiar with the case. Moreover, the Government has not offered any evidence from which the court could conclude that maintaining the case in Houston would serve the need for the prompt administration of justice, or outweigh the Rule 18 convenience factors that all favor granting Montemayor's motion to transfer. Because as explained in Garza, 593 F.3d at 385, Rule 18 presumes that a case should be tried where the offenses at issue were committed, because the offenses at issue are all alleged to have occurred in Laredo, because the defendants and the witnesses

---

[15] Id. at 9.

all live in Laredo or close thereto, and because the case has no apparent ties to Houston that would serve the need for the prompt administration of justice, Montemayor's motion to transfer to Laredo will be granted. See Garza, 593 F.3d at 388 ("Although a trial court has broad discretion in deciding where to fix the location of the trial, it must give due consideration to the factors listed in Rule 18.").

### III. Request for a Hearing

Montemayor requests an evidentiary hearing on the motion to transfer. Whether a hearing must be granted is a matter within the sound discretion of the district court. United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972), cert. denied, 94 S. Ct. 107 (1973). "An evidentiary hearing is not required where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested." United States v. Smith, 546 F.2d 1275, 1279-80 (5th Cir. 1977). Montemayor has alleged with specificity the facts from which he argues this case should be transferred to Laredo, and he has supported those facts with his own affidavit. Because the Government has not presented contradictory facts but, instead, has agreed that many of the facts as stated by Montemayor are true, the court concludes that a hearing is not necessary on defendant's motion to transfer venue. See id. ("An evidentiary hearing is not required where none of the critical facts are in dispute. . . .").

## IV. Conclusions and Order

For the reasons explained above, Defendant Jorge Montemayor's Motion for Trial in the Laredo Division (Docket Entry No. 45) is **GRANTED**, Montemayor's request for an evidentiary hearing is **DENIED**, and this action is **TRANSFERRED** to the Laredo Division of the Court.

**SIGNED** at Houston, Texas, on this 16th day of August, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE